**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4911**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN DAVON SCOTT,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:05-cr-00550-RDB)

---

Submitted:  August 29, 2007          Decided:  October 10, 2007

---

Before MOTZ and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Randolph O'Neil Gregory, Sr., LAW OFFICES OF RANDOLPH O. GREGORY, SR., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Davon Scott appeals his jury conviction of possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(2000). The district court sentenced Scott to 204 months' imprisonment. Scott argues the district court erred in the factual finding underlying its denial of his motion to suppress. We find no error and affirm.

This court reviews factual findings underlying a district court's suppression determination for clear error and the district court's legal determinations de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). In reviewing the denial of a motion to suppress, this court must view the evidence in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Scott argues the district court's factual finding that police officers observed a bulge in his waistband was not supported by sufficient evidence. At the hearing on the motion to suppress, Officer Bearde testified that as he initially approached the vehicle during a traffic stop, he saw Scott, the passenger, "leaning towards his left . . . and . . . his right hand . . . was adjusting an unknown object in his waistband area." Bearde did not use the word "bulge" in his testimony. Bearde wrote in his statement of probable cause both that he saw Scott adjust an item

- 2 -

in his waistband and that he saw "a bulge sticking out from Scott's thin T-shirt."

The district court found the two police officers who conducted the traffic stop credible. The district court determined the police officers had "a reasonable suspicion that Mr. Scott was armed or otherwise posed a threat of danger," based in part upon Bearde's observation of "the bulge in the pants."

The district court repeatedly referred to Bearde's testimony regarding "the bulge" in its factual findings. On appeal, Scott challenges the district court's use of the word "bulge," arguing the evidence in the record does not support such a finding. However, Scott did not argue this issue in district court nor object to the district court's references to "the bulge."

This court will generally not consider issues raised for the first time on appeal. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). "Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." Id. The issue of the trial judge's references to "the bulge" at Scott's waist instead of "the unidentified item" in his waistband is not one of plain error, nor would refusing to examine the issue on appeal result in a fundamental miscarriage of justice.

- 3 -

In light of the possible danger of a roadside encounter with a suspect, a police officer may conduct a limited protective search aimed at finding concealed weapons, if the officer "possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." Michigan v. Long, 463 U.S. 1032, 1049 (1983) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)).

Observing a bulge that could be a weapon in a suspect's clothing "reasonably warrants a belief that the suspect is potentially dangerous." United States v. Baker, 78 F.3d 135, 137 (4th Cir. 1996). Similarly, seeing an object underneath a suspect's clothing that could be a weapon warrants a belief that the suspect is armed and dangerous, as Officer Bearde believed in this case. Thus, the two observations have the same legal significance. After hearing Bearde testify that he saw Scott reach with his right hand and adjust an unknown item hidden in his waistband, the district court simply summarized this testimony as an observation of a "bulge," as did Scott's own counsel when explaining why this portion of Bearde's testimony was not credible. This generalized summary of the testimony does not constitute plain error or a fundamental miscarriage of justice.

Moreover, Bearde testified that in addition to seeing Scott adjust an unknown item in his waistband, Bearde conducted the stop in a high crime area; as Bearde talked with the driver, Scott was visibly shaking, sweating, and looking straight ahead without making eye contact; and Bearde actually saw the handle of the gun when Scott raised his arms.  The district court did not clearly err in finding the officers had reasonable suspicion that Scott was armed.

For the foregoing reasons, we affirm Scott's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED